IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PACIFIC COAST BREAKERS, INC., PC )
SYSTEMS, INC.,                   )    2:10-cv-03134-GEB-EFB
                                 )
          Plaintiffs,            )
                                 )    ORDER DENYING PLAINTIFFS' EX
       v.                        )    PARTE APPLICATION FOR
                                 )    TEMPORARY RESTRAINING ORDER
CONNECTICUT ELECTRIC, INC., ROD  )
FORREST, BRUCE DUNHAM, and DOES  )
1 through 20 inclusive,          )
                                 )
          Defendants.            )
_____)

          On November 22, 2010, Plaintiffs filed an ex parte application

for a temporary restraining order ("TRO"), in which a proposed order is

included granting Plaintiffs TRO and requiring Defendant Connecticut

Electric, Inc. ("Defendant") to show cause why a preliminary injunction

should not issue in Plaintiffs' favor pending trial.

          Plaintiffs argue "[t]his action involves Defendant's unlawful

attempts to gain market share in the electrical circuit breaker product

market in California and nationwide by falsely accusing Plaintiffs of

manufacturing and selling counterfeit circuit breakers." (Mem. of P. &

A. in Supp. of Pls.' Ex Parte Appl. for TRO and Order to Show Cause Re:

Issuance of Prelim. Inj. 1:8-10.) Plaintiffs request that Defendant "and

anyone acting in concert with Defendant" be enjoined from "[s]ubmitting

any communication outside of any judicial proceeding asserting or in any

other manner alleging that [Plaintiffs] have manufactured or sold

1

1  counterfeit circuit breakers or in any other manner commenting upon the

2  nature, qualities, or commercial activities of [Plaintiffs] or the goods

3  [they] sell." (Pl.'s Am. Ex Parte Appl. for TRO and Order to Show Cause

4  Re: Issuance of Prelim. Inj. 1:26-2:2.) Plaintiffs also request that

5  Defendant be ordered to provide Plaintiffs a list of all entities and

6  individuals to whom Defendant purportedly made the referenced defamatory

7  communication, and that Defendant be required to issue a retraction of

8  the communication to all entities and individuals to whom it was made.

9  Id. 2:3-7.

10      Federal Rule of Civil Procedure 65(b) prescribes that a court

11  may issue a TRO ex parte without providing the non movant an opportunity

12  to file an opposition "only if" the movants' application contains

13  "specific facts in an affidavit or a verified complaint clearly

14  show[ing] that immediate and irreparable injury, loss, or damage will

15  result to the movant before the adverse party can be heard in

16  opposition." Fed. R. Civ. P. 65(b)(1)(A).  Plaintiffs have not satisfied

17  this standard. "The stringent restrictions imposed by . . . Rule 65(b)

18  on the availability of ex parte temporary restraining orders[,] reflects

19  the fact that our entire jurisprudence runs counter to the notion of

20  court action taken before reasonable notice and an opportunity to be

21  heard has been granted both sides of a dispute." Granny Goose Foods,

22  Inc. v. Bhd. of Teamsters and Auto Truck, 415 U.S. 435, 439 (1974).

23      Further, "[t]he purpose of a TRO is 'preserving the status quo

24  and preventing irreparable harm just so long as is necessary to hold a

25  hearing [on the preliminary injunction application], and no longer.'"

26  Sony Computer Entm't Am. v. Zoomba LDC, 2010 WL 4512835 at *1 (N.D. Cal.

27  Oct 5, 2010) (citing Granny Goose Foods, 415 U.S. at 439). Plaintiffs

28  have not shown that the emergency relief they seek is such that

1 | Defendant should not be provided an opportunity to be heard at a noticed
2 | motion for a preliminary injunction.
3 |         Since Plaintiffs have not made the showing necessary to be
4 | heard ex parte on their TRO application, and have failed to demonstrate
5 | a TRO is necessary to preserve the status quo and prevent irreparable
6 | harm before both sides of the dispute have an opportunity to be heard at
7 | a noticed preliminary injunction hearing, Plaintiffs ex parte
8 | application for a TRO is denied.
9 | Dated:  November 23, 2010

GARLAND E. BURRELL, JR.
United States District Judge

3