IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST BREAKER, INC. and PC SYSTEMS, INC. | |
| Plaintiffs, | Civ. No. 10-3134 KJM EFB |
| vs. | |
| CONNECTICUT ELECTRIC, INC., ROD FORREST, BRUCE DUNHAM, AND DOES 1 through 20, inclusive, | |
| Defendants | ORDER |

This case was on calendar on April 6, 2011, for hearing on defendant Connecticut Electric's motion to dismiss (ECF No. 14) and plaintiffs Pacific Coast Breaker and PC Systems' motion for a preliminary injunction (ECF No. 17).  Vincent J. Allen, Carstens & Cahoon LLP, appeared telephonically for defendant; Brian Crone and Erick Turner, Berry & Block LLP, appeared for plaintiffs.

I. Background

Defendant Connecticut Electric, Inc. (CE or defendant) is a Delaware corporation, which maintains its principal place of business in Indiana.  Compl. ¶ 4.  Plaintiffs Pacific Coast Breakers, Inc. (PCB) and PC Systems (PCS) are California corporations with their principal places of business in Sacramento County.  *Id*. ¶¶ 2-3.  Plaintiffs and defendant are wholesale

1

suppliers of commercial and residential circuit breakers; plaintiffs have purchased breakers from defendant and also sell breakers in competition with defendant. *Id*. ¶¶ 13, 18. Both sell a type of circuit breaker marketed as a replacement for a circuit breaker designed and sold by the Zinsco Company. *Id*. ¶ 14. In addition, defendant, which purchased the Zinsco name, sells originally manufactured Zinsco breakers; plaintiffs have purchased some of these originally manufactured breakers from defendants for resale. *Id*. ¶¶ 17, 18. Plaintiffs and defendant have many of the same customers. Declaration of Craig Volpe in Support of TRO (Volpe TRO Decl.), ECF No. 1-1 ¶ 5.

In October 2010, plaintiffs decided to increase the marketing of the replacement Zinsco breaker. Volpe TRO Decl. ¶ 13. Shortly thereafter CE sent an announcement to its customers claiming that plaintiffs were manufacturing and distributing counterfeit Zinsco circuit breakers and that these breakers had not been safety-tested. Volpe TRO Decl. ¶ 5. The announcement mentioned a lawsuit by CE concerning the circuit breakers. *Id*. & ECF No. 1-1 at 50-52.

On November 9, 2010, defendant had in fact filed an action against plaintiffs in the Southern District of Indiana based on plaintiffs' sales of circuit breakers, alleging trademark counterfeiting and infringement, 15 U.S.C. § 1114; trademark dilution, 15 U.S.C. § 1125; unfair competition, 15 U.S.C. § 1125(a); trade dress infringement, 15 U.S.C. § 1125(a); common law trademark infringement and unfair competition; forgery, Ind. Code § 35-43-5-2(b); and counterfeiting, Ind. Code § 35-43-5-2(a). Opp'n to Motion To Dismiss, Declaration of Brian Crone (Crone Decl.) & Ex. 4, ECF No. 18-2 at 53-62.

On November 11, 2010, Bruce Dunham, CE's National Sales Manager, called Craig Volpe, the Electric Manager and one of the owners of PCB and PCS. Declaration of Craig Volpe in Opposition to MTD (Volpe Opp'n Decl.), ECF No. 18-1 ¶¶ 1, 3; Compl. ¶ 6. Dunham asked Volpe to stop producing the Zinsco replacement circuit breakers or deal with a lawsuit. Volpe Opp'n Decl. ¶ 3. When pressed, Dunham conceded that the suit had already been filed.

*Id*. Volpe complained that Dunham should have called him before filing suit, but Dunham said defendant received more appropriate responses if a lawsuit had been filed first. *Id*. Volpe said he would get back to Dunham after he returned to Sacramento from a business trip and discussed the issue with his partners. *Id*. Dunham was agreeable. *Id*. Before Volpe had a chance to speak with his partners, he heard about defendant's announcement from several customers. *Id*.

On November 15, 2010, counsel for plaintiffs sent a letter to counsel for defendant, demanding a retraction of the notification defendant had sent. Motion To Dismiss (MTD), Declaration of Vincent J. Allen (Allen Decl.) ¶ 3; Declaration of Erick Turner in Support of TRO (Turner Decl.) ¶ 3 & Ex. B, ECF No. 1-1 at 61-63.

The next day, defendant filed its first amended complaint in Indiana, adding a claim for a declaratory judgment that it has not made any false or misleading claims against plaintiffs. Allen Decl. ¶ 4 & Ex. 1 (First Am. Compl.), ECF No. 15-1 at 17.

On November 17, 2010, plaintiffs filed this action in Sacramento County Superior Court, alleging claims for false and misleading advertising, 15 U.S.C. § 1125; trade libel; defamation; false advertising, Cal. Bus. & Prof. Code § 17500; unfair competition, Cal. Bus. & Prof. Code § 17200; intentional interference with prospective economic relations; and negligent interference with prospective economic advantage and seeking declaratory and injunctive relief as well as damages. Compl., ECF No. 1-1 at 9-17. Plaintiffs set an *ex parte* hearing on their motion for a temporary restraining order, giving notice to defendant's counsel by e-mail and facsimile only the day before the hearing. Allen Decl. ¶ 6; Turner Decl. ¶ 2 & Ex. 1, ECF No. 1-1 at 56-59. Counsel for plaintiffs avers that he filed the California action before he learned that defendant had filed its amended complaint in the Indiana action. Crone Decl. ¶ 5.

On November 19, 2010, defendant removed the Sacramento Superior Court action to this court. On December 10, 2010, plaintiffs filed a motion for a preliminary injunction in this court.

/////

Plaintiffs have not answered the Indiana action but rather have filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer that action to this court. Allen Decl. ¶ 7; Crone Decl. ¶ 2 & Ex. 1, ECF No. 18-2 R 5-23.  Defendant has opposed this motion and secured PCB's stipulation to conduct limited discovery on the jurisdiction question. Crone Decl. ¶ 3 & Ex. 3, ECF No. 18-2 at 42-46; Reply, ECF No. 22-3 at 1-25.

As of the date of this writing, the Indiana Court has not decided its pending motion to dismiss or transfer.  Docket, *Connecticut Electric, Inc. v. Pacific Coast Breaker, Inc., et al.*, 1:10-cv-1440 LJM TAB (S.D. Ind.).

II. The Motion To Dismiss[1]

Defendant argues that this case should be dismissed, transferred or stayed because its suit in Indiana was the first filed.  Plaintiffs counter that the first-to-file rule should not apply because defendant's suit was anticipatory and involves different parties and issues, and the balance of convenience favors litigating the action in California.

A. First To File

As a matter of comity, a court has the discretion to dismiss, stay or transfer a case when a complaint involving the same or similar issues and parties has already been filed in another district.  *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 625 (9th Cir. 1991);

---

[1] The first to file rule is not one of the enumerated bases for dismissal in Rule 12 of the Federal Rules of Civil Procedure.  Some courts have considered a motion on these grounds to be a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for improper venue under Rule 12(b)(3).  *Ervin v. Kelly*, 2010 WL 2985675 (W.D. Wash. 2010); *E-Z Em, Inc. v. Mallinckrodt*, 2010 WL 1378820 (E.D. Tex. 2010).  Other courts have found such a motion to be outside the ambit of Rule 12(b) motions.  *Fujitsu Ltd. v. Nanya Technology Corp*., 2007 WL 484789, at *5 (N.D. Cal. 2007); *compare Aetna Life Insurance Company v. Alla Medical Services, Inc*., 855 F.2d 1470, 1475 (9th Cir. 1988) (motion to dismiss or stay because of parallel state proceeding was not a Rule 12 motion); *Sperry Associates Federal Credit Union v. Cumis Insurance Society, Inc*., 2010 WL 2925924, at *4 (D. N.J. 2010) (same).  This court need not resolve the ultimate basis for such a motion in this proceeding; it is sufficient to conclude that it is not a motion to dismiss under Rule 12(b)(6) and so the court's consideration of things outside the face of the complaint is not improper.  *See* Fed. R. Civ. P. 12(d); *see also Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010) (in deciding motion to dismiss for failure to exhaust administrative remedies, court may look outside the pleadings).

4

*Adoma v. University of Phoenix*, 711 F.Supp.2d 1142, 1146 (E.D. Cal. 2010). Three threshold factors guide the application of the rule: the chronology of the actions, the similarity of the parties, and the similarity of the issues. *Alltrade*, 946 F.3d at 926-26; *Inherent.Com v Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006).

Although the first to file rule "should not be disregarded lightly," a court is not "bound by technicalities" and may decline to apply the doctrine when there is evidence that the initial suit was an instance of forum shopping, was filed in bad faith, or was anticipatory. *Church of Scientology v. Department of the Army*, 611 F.2d 738, 749-50 (9th Cir. 1980); *Xoxide, Inc. v. Ford Motor Company*, 448 F.Supp.2d 1188, 1992 (C.D. Cal. 2006).

Plaintiffs argue that the rule should not apply because there is no substantial similarity of issues or identity of parties and because the Indiana action was filed in bad faith and in anticipation of plaintiffs' action.[2]

B. <u>Similarity of Parties</u>

Defendant CE is the plaintiff, and PCB and PCS are the defendants, in the Indiana action. In the instant case, the parties are reversed: the only difference is the addition of Forrest

/////
/////
/////
/////
/////
/////

---

[2] Plaintiffs make the somewhat puzzling argument that the doctrine does not apply because the chronology of the two actions is different. Opp'n at 6. Specifically, they argue that "the misconduct by CE which is the subject of the California action occurred **after** CE filed the Indiana Action and, thus, differs chronologically from the allegations in the Indiana Action." Opp'n at 7 (emphasis in original). The court does not read this as a challenge to the filing date of the Indiana action, which was certainly filed first, but rather as part of plaintiffs' challenge to the similarity of the issues.

5

and Denham, two of CE's employees who disseminated the allegedly defamatory notice, as the defendants.[3]

> [E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.

*PETA, Inc. v. Beyond the Frame, Inc.,* 2011 WL 686158, at *2 (C.D. Cal. 2010) (internal quotation, citation omitted); *Adoma*, 711 F.Supp.2d at 1146. That similarity, not identity, of parties is the relevant consideration prevents a litigant from adding a party simply to defeat application of the first to file doctrine. *Bashiri v. Sadler*, 2008 WL 2561910 at *2 (D. Ariz. 2008). In this case, the addition of defendants Forrest and Denham does not render the parties too dissimilar for doctrine's application.

### C. Similarity Of Issues

CE argues that the issues in this action necessarily meet the requirement of similarity because "a finding of counterfeiting and false advertising in the First Filed Action" will dispose of the claims in the present action because the truth is a defense to any claim of defamation or libel. MTD at 8. The claims are similar, it also asserts, because plaintiffs' claims in this action are compulsory counterclaims in the Indiana action. FED. R. CIV. P. 13(a).

Plaintiffs contend that their claims are merely permissive counterclaims in the Indiana action and are not sufficiently similar because CE's tortious acts occurred after CE filed the Indiana action. Plaintiffs concede that "the issue of counterfeiting will be an issue in both cases" but suggest that this court may make a preliminary determination that the claim is without merit in determining the similarity of the issues. Opp'n at 6. They cite nothing in support of their suggestion that a comparison of the merits of the claims plays any role in a first to file

---

[3] Plaintiffs have named twenty "Doe" defendants, almost as place-holders, for they say only that the Does are "jointly responsible in some manner for the acts and/or occurrences herein alleged . . ." Compl. ¶ 7. There is no further mention of them in the complaint.

determination. *But see Kuryakyn Holdings, Inc. v. Just In Time Distribution Co.*, 693 F.Supp.2d 897, 902-03 (W.D. Wis. 2010) (rejecting claim that court should evaluate facial plausibility of claims in a first to file determination).

This court declines to decide whether plaintiffs' claims are compulsory counterclaims in Indiana or whether defendant's counterfeiting claim is insubstantial. *See Colortyme Financial Services, Inc. v. Kivalina Corporation*, 940 F.Supp. 269, 272 n.2 (D. Hawaii 1996) (a first to file decision "does not require an antecedent finding that the claims in the later-filed action are compulsory counterclaims in the earlier-filed action").

The application of the first to file rule does not require identity of issues or "exact parallelism," but rather substantial similarity or overlap. *Inherent.Com*, 420 F.Supp.2d at 1099; *Bashiri*, 2008 WL 2561910, at *2 ("while specific legal issues vary across the litigations, the discovery and evidence necessary to litigate each is substantially similar"). A court must examine whether the actions present "'closely related questions or common subject matter.'" *PETA*, 1011 WL 686158, at *2 (quoting *Centocor, Inc. v. MedImmune, Inc*., 2002 WL 31465299 *3 (N.D.Cal. 2002)).

The amended complaint in the Indiana action traces CE's use of the Zinsco trademark, claims that breakers sold under the Zinsco name have been certified by a national testing laboratory, asserts that the products marketed by PCB and PCS as Zinsco breakers are not marked with a certification mark from a national laboratory, and describes the notice to CE's customers and the threat by PCB and PCS to sue if there was no retraction. ECF No. 15-1 ¶¶ 8, 14, 19-20, 25-26. In the instant action, plaintiffs assert they do not attempt to sell their breakers as original Zinsco breakers and that CE's notice branding the PCB breakers as counterfeit has caused plaintiffs to lose market share for replacement circuit breakers. Compl. ¶¶ 19, 23. Each case thus raises overlapping issues about CE's trademark and the nature of plaintiffs' circuit breakers. Plaintiffs' state law claims do not change the result, for they focus on the deceptive nature of CE's announcement and thus are related, as plaintiffs recognize, to CE's counterfeiting

claim. *See Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1380 (2010); *Stolz v. Wong Communications Limited Partnership*, 25 Cal. App. 4th 1811, 1825 (1994). The issues are sufficiently similar for application of the first to file rule. *Adoma*, 711 F.Supp.2d at 1149; *Inherent.com*, 420 F.Supp. at 1099.

D. <u>Anticipatory Suit</u>

In determining whether a first-filed suit was anticipatory, a court must consider whether it was filed "pursuant to a notice-of-suit letter or any other concrete indication" that the other party's suit "was imminent." *Ward v. Follett Corporation*, 158 F.R.D. 645 (N.D. Cal. 1994). In addition:

> [W]here a declaratory judgment action has been triggered by a cease and desist letter that seeks both settlement and notifies the party of the possibility of litigation upon collapse of negotiations, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first.

*Xoxide*, 448 F.Supp.2d at 1193 (internal citations, quotations omitted).

Nothing in the record suggests CE was aware that plaintiffs might file suit before it filed the Indiana action: there is no evidence that plaintiffs had any grounds for suit before CE filed the Indiana action and disseminated the announcement about the breakers or, at the very least, that plaintiffs had discussed the possibility of suit before CE filed. All the record shows is that only after CE filed suit and notified its customers about plaintiffs' products did plaintiffs discuss litigation. Plaintiffs suggest, however, that their lawyer's November 15, 2010 letter, demanding retraction, prompted CE to file its first amended complaint in Indiana, adding the claim for declaratory judgment that the announcement was not defamatory. However, "'where the [plaintiff] was genuinely concerned with obtaining a benefit beyond the scope of what the other party could be expected to bring suit for,'" a court need not find that a first-filed suit was anticipatory. *GT Plus, Limited v. Ja-Ru, Inc.*, 41 F.Supp.2d 421, 426 (S.D.N.Y. 1998), *quoting Ontel Products, Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1151 (S.D.N.Y. 1995). Whether or not the declaratory judgment portion of the amended complaint in the Indiana action

had some connection to counsel's November 15 letter, the court declines to find that the entire lawsuit, seeking damages for trademark infringement and related claims, was anticipatory.

E.  Balance Of Convenience

"A court may relax the 'first to file' rule if the balance of convenience weighs in favor of the second-filed action." *Ward*, 158 F.R.D. at 648.  In the usual case, however, the court in the first-filed action should address this question. *Alltrade*, 946 F.2d at 628; *Genentech v. GlaxoSmithKline LLC.*, 2010 WL 4923954, at *4 (N.D. Cal. 2010).  This question is currently pending before the Southern District of Indiana in the first-filed action; plaintiffs have provided no compelling reason why this court should duplicate the efforts of that court.  The first to file doctrine applies to this case.

Because of the pendency of the motion to dismiss or transfer pending in Indiana, this court will stay, rather than dismiss or transfer this case. *See Alltrade*, 946 F.2d at 629.

III. Motion For A Preliminary Injunction

At argument, plaintiffs urged this court to rule on its request for an injunction, arguing that any stay would not deprive the court of jurisdiction and that an injunction would not have preclusive effect in the Indiana action.

It is true that the standard for an injunction – probable success on the merits – is not the equivalent of actual success on the merits. *Lorillard Tobacco Company v. Engida*, 611 F.3d 1209, 1217 (10th Cir. 2010).  In some cases, however, a court's determination on a preliminary injunction might have preclusive effect "'if the circumstances make it likely that the findings are accurate [and] reliable." *McTernan v. City of York, Penn.*, 577 F.3d 521, 530 (3d Cir. 2009), (quoting *Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency*, 126 F.3d 461, 474 n.11 (3d Cir. 1997)).  The court thus declines to rule on the motion for a preliminary injunction in light of its decision to stay this case. *See Saleh v. Titan Corp.*, 353 F.Supp.2d 1087, 1089 (S.D. Cal. 2004) ("[w]hen an injunction sought in one federal proceeding would interfere

/////

with another federal proceeding, considerations of comity require more than the usual measure of restraint . . . .").

IT IS THEREFORE ORDERED that:

1. Defendant's motion to stay this action (ECF No. 14) is granted and this action is stayed pending resolution of the Indiana action. The parties are directed to notify this court when the motion to dismiss in that action is decided and, if the action proceeds in Indiana, when the action is resolved; and

2. Plaintiffs' motion for a preliminary injunction (ECF No. 17) is denied without prejudice.

DATED: May 23, 2011.

UNITED STATES DISTRICT JUDGE

2/pcb3134.mtc